**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua R. Macias,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Pegasus Group, LLC, et al.,<br><br>　　　　Defendants. | No. CV-19-01960-PHX-DWL<br><br>**ORDER** |
| Joshua R. Macias,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PTI Security Systems,<br><br>　　　　Defendant. | No. CV-19-01961-PHX-DWL<br><br>**ORDER** |

On April 30, 2019, the Court issued an Order granting pro se Plaintiff Joshua R. Macias's application for leave to proceed in forma pauperis in CV 19-01961-PHX-DWL ("PTI case"), screening the Complaint (Doc. 1)[1] pursuant to 28 U.S.C. § 1915(e)(2), and dismissing the complaint for failure to state a claim on which relief may be granted and for failure to plead facts establishing that the Court has subject-matter jurisdiction. (Doc. 7.) The Court granted leave to file an amended complaint by May 31, 2019. (*Id.* at 4.) Plaintiff failed to file an amended complaint by this deadline.

Now pending before the Court is Plaintiff's Motion (Doc. 8), which seeks leave of

---

[1] In this Order only, citations to a docket without any case indicator refer to docket entries in the PTI case.

the Court to file an amended complaint after the deadline has passed, and additionally seeks leave to "add[] another state address" and seeks an extension of time to serve the summonses.

**DISCUSSION**

**I.     Legal Standard**

Although Plaintiff's motion purports to be a motion to amend, the Court already granted leave to amend the complaint and established a deadline for doing so. (Doc. 7 at 4.) Plaintiff missed that deadline. Thus, the legal standard at issue is the one applicable to a motion for an extension of time, where such motion is made after the expiration of a deadline.

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." The Supreme Court has explained that "excusable neglect," in this context, can encompass mistakes and carelessness: "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993).[2]

Whether the neglect is "excusable" is a flexible standard, "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. At a minimum, courts assessing whether neglect is "excusable" must consider four factors: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including

---

[2]     Although *Pioneer* addressed the meaning of the phrase "excusable neglect" as it appears in Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, the Court specifically noted that Rule 9006(b)(1) "was patterned after" Rule 6(b) of the Federal Rules of Civil Procedure. 507 U.S. at 391. The Ninth Circuit subsequently confirmed that the *Pioneer* test applies in the context of Rule 6(b), as well as Rule 60(b) of the Federal Rules of Civil Procedure and Rule 4(a)(5) of the Federal Rules of Appellate Procedure. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381–82 (9th Cir. 1997).

whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.* Failure to consider all four factors constitutes an abuse of discretion. *Lemoge v. United States*, 587 F.3d 1188, 1192-93 (9th Cir. 2009). No single factor is determinative. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 n.2 (9th Cir. 1997).

When assessing whether a failure to act was caused by "excusable neglect," a court may not impose per se rules. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) ("We now hold that per se rules are not consistent with *Pioneer* . . . ."). There can be "no rigid legal rule against late filings attributable to any particular type of negligence." *Id.* at 860 (affirming that a paralegal's calendaring error was "excusable negligence."). Even when the reason for the delay is weak, where the equities favor excusing the negligence, the court must do so. *Bateman*, 231 F.3d at 1224-25 (reason for delay was travel, jet lag, and the time it took to sort through mail).

Once a district court has considered and weighed all four *Pioneer* factors, and any other factors it deems appropriate on a case-by-case basis, the court has broad discretion to grant or deny the motion. *Pincay*, 389 F.3d at 859 ("[T]he decision whether to grant or deny an extension of time . . . should be entrusted to the discretion of the district court because the district court is in [the best position] to evaluate factors such as whether the lawyer had otherwise been diligent, the propensity of the other side to capitalize on petty mistakes, the quality of representation of the lawyers . . . , and the likelihood of injustice if the appeal was not allowed.").

**II.  Analysis**

The Court first considers the danger of prejudice to Defendants. This factor weighs in favor of Plaintiffs because Defendants have not yet been served and have therefore suffered no prejudice under the circumstances.

The next *Pioneer* factor is the length of the delay. Plaintiff's amended complaint was due Friday, May 31, 2019, and the motion requesting leave to file late was filed the following Monday, June 3, 2019. This is not a lengthy delay.

The third *Pioneer* factor is the reason for the delay. The reason offered by Plaintiff is that he received a call from an unidentified person named "Nissy" and checked his mail, and apparently these events, combined with buses running late on May 31, prevented him from physically arriving at the courthouse in time to timely file an amended complaint or a motion to extend the deadline. This is a weak reason. Plaintiff has an obligation to adhere to the deadlines in his case, and he should have made sure to arrive at the courthouse with ample time to file on or before the May 31, 2019 deadline.

The final *Pioneer* factor is whether the movant acted in good faith. The Court cannot conceive of any possible practical advantage Plaintiff could have hoped to gain in bad faith by missing the Court-imposed deadline. Not only is there no evidence of bad faith, there is not even any imaginable bad-faith motive here. Plaintiff's failure to timely file his amended complaint "resulted from negligence and carelessness, not from deviousness or willfulness." *Lemoge*, 587 F.3d at 1197.

In sum, the Court finds that the lack of prejudice to Defendants, the length of the delay, and the fact that Plaintiff erred in good faith weigh in favor of granting the motion, and the reason for the delay weighs strongly against granting the motion. Although it's a close call, the Court finds that the equities favor excusing the negligence. Plaintiff is cautioned that the Court would likely not find that excusable neglect justifies *another* missed deadline due to failure to physically arrive at the courthouse in time to file. In other words, Plaintiff is on notice that it is his responsibility to leave himself a cushion of time to ensure that he can timely file even if unforeseen circumstances (like a late bus) delay his travel plans.

Additionally, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may. . . consolidate the actions" and may otherwise "issue any other orders to avoid unnecessary cost or delay." The Court "has broad discretion under this rule to consolidate cases pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). Plaintiff filed the PTI case

- 4 -

on the same day as another action: *Macias v. Pegasus Group LLC et al*, 2:19-cv-01960-DWL ("Pegasus case"). The complaints in the two cases are nearly identical, other than naming different defendants—indeed, the complaint in the PTI case attaches the statement of facts from the Pegasus case—and appear to arise out of the same series of events and assert the same causes of action. The Court will exercise its discretion to consolidate the cases.

The Pegasus case was reassigned to the undersigned judge on June 3, 2019. On that date, the Court issued an Order—very similar to the one at Doc. 8 in the PTI case—granting pro se Plaintiff Joshua R. Macias's application for leave to proceed in forma pauperis, screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2), dismissing the complaint for failure to state a claim on which relief may be granted and for failure to plead facts establishing that the Court has subject-matter jurisdiction, and granting leave to file an amended complaint by July 3, 2019. (PTI case at Doc. 11.)

The Court orders that the PTI case shall be consolidated into the Pegasus case. Pursuant to the Court's June 3, 2019 Order (Pegasus case at Doc. 11), Plaintiff may file an amended complaint that accords with the guidance provided in that Order. Plaintiff should list all of the defendants whose conduct regarding the events at issue gives rise to a cause of action and include the appropriate mailing address for each named defendant.

To the extent that Plaintiff's pending motion seeks an extension of time to serve the summonses, this request is premature. Plaintiff may not attempt to serve his amended complaint until after the Court screens it pursuant to 28 U.S.C. § 1915(e)(2) and determines that it states a claim upon which relief can be granted and that it properly alleges a basis for the Court to exercise subject matter jurisdiction. Thus, the service deadline is not yet established, and a request to extend it is moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion (Doc. 8) is **granted in part and denied as moot in part**.

**IT IS FURTHER ORDERED** that the above-captioned case shall be consolidated

into the Pegasus case (*Macias v. Pegasus Group LLC et al*, 2:19-cv-01960-DWL). All future filings shall bear the following case caption: CV 19-01960-PHX-DWL.

**IT IS FURTHER ORDERED** that Plaintiff shall list—in his amended complaint, which remains due on July 3, 2019, pursuant to the Court's June 3, 2019 Order (Pegasus case at Doc. 11)—all of the defendants whose conduct regarding the events at issue gives rise to a cause of action and include the appropriate mailing address for each named defendant.

**IT IS FURTHER ORDERED** that if Plaintiff files an amended complaint, he may not serve it until after the Court screens it pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 6th day of June, 2019.

Dominic W. Lanza
United States District Judge