**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua R. Macias,<br><br>        Plaintiff,<br><br>v.<br><br>Pegasus Group LLC, et al.,<br><br>        Defendants. | No. CV-19-01960-PHX-DWL<br><br>**ORDER** |

      Pending before the Court is Plaintiff's motion, which seems to request that the Court (1) grant an extension of time to serve the summonses, (2) take some unspecified action to address a concern of Plaintiff's that seems to involve discovery, and (3) reconsider the Court's June 6, 2019 Order to the extent that the Court ordered consolidation of two nearly identical cases. (Doc. 13.) For the following reasons, the motion will be denied.

      Plaintiff previously requested an extension of time to serve the summonses, which the Court denied as moot because it was premature:

> To the extent that Plaintiff's pending motion seeks an extension of time to serve the summonses, this request is premature. Plaintiff may not attempt to serve his amended complaint until after the Court screens it pursuant to 28 U.S.C. § 1915(e)(2) and determines that it states a claim upon which relief can be granted and that it properly alleges a basis for the Court to exercise subject matter jurisdiction. Thus, the service deadline is not yet established, and a request to extend it is moot.

(Doc. 12 at 5.)

      Plaintiff has not yet filed his amended complaint, and therefore obviously the Court has not yet screened it and ordered that it can be served. The service deadline still does not

exist, and a request to extend that deadline is still premature. Thus, this request will again be denied as moot.

The Court cannot decipher the precise nature of the second request, but it seems to anticipate some possible dispute involving discovery. The defendants in this action have not yet been served, and therefore any concerns regarding what discovery disputes might arise in the future are clearly premature. This request will be denied as moot also.

Plaintiff's motion concludes by stating "IM REQUIRING ALL THE DEFENDANT'S OF 'PEGASUS GROUP/CENTRAL SELF STORAGE' LLC AND CO-DEFENDANT's OF 'PTI SECURITY SYSTEM'S' SEPERATED FROM EACH OTHER FOR ALL COURT DATE'S OF THE TWO CASE'S THAT I FILED. I FILED SEPARATE CASE'S AGAINST THE DEFENDANT'S AND CO-DEFENDANT'S." (Doc. 13 at 2.) The Court construes these statements as a motion for reconsideration of the Court's June 6, 2019 Order consolidating two nearly identical cases on its docket. As explained in that Order, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may. . . consolidate the actions" and may otherwise "issue any other orders to avoid unnecessary cost or delay." The Court "has broad discretion under this rule to consolidate cases pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). The complaints in the two actions Plaintiff filed are nearly identical, and the Court exercised its discretion to consolidate those actions. Plaintiff has offered no reasoned argument to oppose the consolidation. Therefore, to the extent that Plaintiff's statement can be construed as a motion for reconsideration, it is denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion (Doc. 13) is denied.

Dated this 24th day of June, 2019.

Dominic W. Lanza
United States District Judge